UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIMAS GARZA,

                Petitioner,                Case No. 1:12-cv-1417

v.                                        Honorable Robert J. Jonker

HOMELAND SECURITY et al.,

                Respondents.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2241. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES[1]; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because his claims are not cognizable in an action under § 2241.

---

[1] The Rules Governing § 2254 Cases also apply to petitions filed under § 2241. See Rule 1(b), RULES GOVERNING § 2254 CASES.

**Factual Allegations**

Petitioner is incarcerated in the Ionia Maximum Correctional Facility. Petitioner is serving concurrent prison sentences of twenty-five to fifty years and life imprisonment imposed by the Wayne County Circuit Court on August 20, 1998, after Petitioner was convicted of two counts of armed robbery. In his application for habeas corpus relief, Petitioner names the following Respondents: Homeland Security; "United States of America Inc. et al;" Michigan Governor Rick Snyder, "D/B/A RICK SNYDER;" Michigan Department of Corrections Director Daniel Heyns, "D/B/A DANIEL HEYENS [sic];" Warden Cathy Stoddard, "D/B/A CATHY STODDARD;" Trustee/Custodian Robert Napel, "D/B/A ROBERT NAPEL;" Lincoln Marshall, "D/B/A LINCOLN MARSHALL;" Shane Place, "D/B/A SHANE PLACE;" James Alexander, "D/B/A JAMES ALEXANDER;" and unknown parties named as "STG Staff et al."

Petitioner's application concerns his designation as a Security Threat Group (STG) member. Under Michigan Department of Corrections Policy Directive 04.04.113 (eff. 11/01/10), prisoners designated as STG I or STG II members are subject to numerous restrictions on their activities, as well as more limited contact with visitors and other prisoners. *See* PD 04.04.113(X)-(Z). A prisoner may grieve an STG designation. *See* PD 04.04.113(AA). In addition, a prisoner designated as an STG member may request removal of the designation by renouncing membership in the STG and completing the Security Threat Group Renunciation/Removal form. *See* PD 04.04.113(BB). Local STG coordinators also are required to review the cases of all prisoners designated as STG II members at least every six months. *See* PD 04.04.113(CC).

Petitioner contends that he has been designated as an STG member for more than ten years without being afforded due process of law. He asserts a variety of other constitutional

violations resulting from the restrictions imposed upon him as an STG member, including his First Amendment right to practice his religion. For relief, Petitioner appears to seek removal of the STG designation.

## Discussion

Petitioner filed his application for habeas relief under 28 U.S.C. § 2241. Section 2241 authorizes district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). The instant petition is subject to summary dismissal because Petitioner is challenging the conditions of his confinement. Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Complaints like the ones raised by Petitioner, which involve conditions of confinement, "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Lutz*, 476 F. Supp. 2d at 718 (quoting *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). An inmate like Petitioner may, however, bring claims that challenge the conditions of confinement under 42 U.S.C. § 1983. *Id.* (citing *Austin v. Bell*, 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996)). Because Petitioner challenges only the

conditions of his confinement, his claims "fall outside of the cognizable core of habeas corpus relief." *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006).

Although pro se litigants are treated to less stringent pleading formalities, courts still require such litigants to meet basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "Arguably, hanging the legal hat on the correct peg is such a standard, and '[l]iberal construction does not require a court to conjure allegations on a litigant's behalf.'" *Martin*, 391 F.3d at 714 (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (dismissing a § 1983 suit brought as a § 2254 petition)). The Sixth Circuit has held that where, as here, the claims about the conditions of confinement are not cognizable in an action under § 2241, the district court must dismiss the habeas action without prejudice to allow the petitioner to raise his potential civil rights claims properly in a § 1983 action. *Martin*, 391 F.3d at 714. Accordingly, the Court will dismiss Petitioner's claims without prejudice.

Because Petitioner's action is subject to dismissal, his motion for issuance of subpeona duces tecum (docket #3) will be dismissed as moot.

## Conclusion

In light of the foregoing, the Court will summarily dismiss without prejudice Petitioner's application pursuant to Rule 4 because his claims are not cognizable in an action under § 2241.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's

dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

        The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327

(2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:     February 11, 2013              /s/ Robert J. Jonker
                                          Robert J. Jonker
                                          United States District Judge